IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

G.S., *a minor, by J.A., her parent and natural guardian*,

        Plaintiff,

v.

THE SCHOOL DISTRICT OF THE CITY OF MONESSEN, *et al.*,

        Defendants.

Civil Action No. 11-1643

Judge Cathy Bissoon

## MEMORANDUM AND ORDER

### I. MEMORANDUM

Pending before the Court is Defendants The School District of the City of Monessen, Dr. Cynthia Chelen, and Randall Marino's Motion to Dismiss (Doc. 3). For the reasons stated herein, the Court will grant in part and deny in part Defendants' motion.

### BACKGROUND

#### A. Factual Background

Plaintiff G.S. was a minor and high school student at Monessen Middle-High School at the time of the events alleged in the complaint. Compl. 1 (Doc. 1). Defendant The City of Monessen School District ("Monessen School District") is the legal entity that administers Monessen Middle-High School. Id. at 2. Defendant Cynthia Chelen was the Superintendent of Defendant Monessen School District. Id. Defendant Randall Marino was the Principal of either Defendant Monessen School District or Monessen Middle-High School. See id. at 2, 7.[1] Defendant Ashley Herre-Bagwell was a teacher at Monessen Middle-High School. Id. at 3.

---

[1] Plaintiff alleges on page 2 of the Complaint that Defendant Marino is "the principal of the City of Monessen School District," and alleges on page 7 that Defendant Marino is "the Principal of the Monessen Middle-High School." The Court assumes Defendant Marino is

1

Plaintiff alleges that during the 2009-2010 school year, Defendant Herre-Bagwell "engaged in inappropriate conduct with the minor plaintiff, including but not limited to contact of a sexual nature, actively seeking an intimate relationship with the minor plaintiff by words and gestures directed to the minor plaintiff, inappropriately touching the minor plaintiff in a sexual manner and engaging in explicit conversations of a sexual nature with the Plaintiff . . . ." Id. at 4. Plaintiff alleges Defendant Herre-Bagwell had previously "engaged in similar acts and conduct directed toward other students at the Monessen Middle-High School." Id. Plaintiff further alleges that Defendants Monessen School District, Chelen, and Marino "had notice of inappropriate conduct by defendant Ashley Herre Bagwell, prior to the events involving the minor plaintiff herein and despite this knowledge, had a policy, practice, custom and course of conduct wherein defendants failed to take disciplinary action to prevent further instances resulting in the injury to the minor plaintiff." Id.

### B. Procedural Background

Plaintiff seeks declarations that Defendants have violated Plaintiff's rights under the Fourteenth Amendment to the United States Constitution, violated Plaintiff's rights under Title IX, and violated Plaintiff's rights under the Constitution of Pennsylvania Article 1, § 1. Id. at 8-9.[2] Plaintiff also seeks compensatory damages, punitive damages, and reasonable attorney's fees

---

the Principal of Monessen Middle-High School, since school districts typically do not have a "principal."

[2] Plaintiff refers to the Fourth Amendment on page 8 of the Complaint. The parties in their briefs have addressed only a Fourteenth Amendment claim, and the allegations in the Complaint do not state any plausible claim under the Fourth Amendment. The Court, therefore, assumes Plaintiff alleges a violation of rights under the Fourteenth Amendment.

and costs. Id. Defendants Monessen School District, Chelen, and Marino moved to dismiss all claims against them.[3]

**ANALYSIS**

In deciding a motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to the plaintiff. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). To survive a motion to dismiss, the factual allegations in a complaint must "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The plaintiff must plead "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of the plaintiff's cause of action. Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010) (quoting Phillips, 515 F.3d at 234) (internal quotation marks omitted).

As an initial matter, the Court notes that Plaintiff's Complaint is quite sloppy. The paragraphs in the Complaint are numbered haphazardly. References to Defendants are inconsistent in the Complaint. The caption names "The School District of the City of Monessen," but the body of the Complaint refers to "City of Monessen School District." Defendant Herre-Bagwell is referred to as both "Herre-Bagwell" and "Herre Bagwell." Defendant Marino is identified on page 2 as "the principal of the City of Monessen School District," but is identified on page 7 as "the Principal of Monessen Middle-High School."

---

[3] Defendant Herre-Bagwell has not responded to Plaintiff's complaint. References to "Defendants" in this Memorandum refer collectively to Defendants Monessen School District, Chelen, and Marino.

3

Plaintiff's claim under 42 U.S.C. § 1983 apparently is for a violation of rights under the Fourteenth Amendment, but Plaintiff's demand for relief refers to the Fourth Amendment.

Most importantly, Plaintiff asserts three legal bases for recovery – violation of the Fourteenth Amendment to the United States Constitution, violation of Title IX, and violation of Article 1, § 1 of the Pennsylvania Constitution – but it is unclear from the Complaint which theories are being asserted against which Defendants. The Complaint identifies four "Counts," but each "Count" refers to one Defendant, and not a particular cause of action. Defendants apparently assume that Plaintiff asserts all three theories against all Defendants, and the Court, therefore, will do the same.

### A. Section 1983/Fourteenth Amendment Claim

Plaintiff asserts claims under 42 U.S.C. § 1983, alleging that Defendants violated Plaintiff's rights under the Fourteenth Amendment to the United States Constitution. See Compl. 3 (Doc. 1). Defendants make various arguments under Twombly/Iqbal for dismissal of Plaintiff's § 1983 claims. See Defs.' Br. 5-11 (Doc. 4). While Defendants provide extensive descriptions of case law in their brief, Defendants provide limited explanation for why they believe Plaintiff's allegations are insufficient under Twombly/Iqbal.

    1. Policy, Practice, or Custom of Defendant Monessen School District

A municipality cannot be vicariously liable under 42 U.S.C. § 1983 for its employees' actions. Connick v. Thompson, __ U.S. __, 131 S.Ct. 1350, 1359 (2011). Instead, a municipality may be liable only for injuries caused by "action pursuant to official municipal policy." Id. (quoting Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Id. Defendant Monessen School District argues that Plaintiff fails "to allege any factual

4

basis to show that the Defendant Monessen City School District had a policy, practice or custom which played an affirmative role in bringing about the alleged sexual abuse of the Plaintiff." Id. at 7; see also id. at 10-11.

Plaintiff alleges that Defendants had a "policy, practice, custom and course of conduct" of failing to take disciplinary action against Defendant Herre-Bagwell for inappropriate conduct, "resulting in the injury to the minor plaintiff." Compl. 4 (Doc. 1). Plaintiff further alleges that Defendants "concealed complaints of inappropriate teacher conduct, discouraged complaints and failed to investigate complaints engaging in a course of conduct which facilitated the sexual abuse of students by teachers," and that Defendants failed "to enact policies to prevent the opportunity for sexual misconduct by its teachers and staff." Id. Plaintiff has sufficiently alleged that a policy, practice, or custom of Defendant Monessen School District caused the alleged constitutional injury. See Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 724-25 (3d Cir. 1989) (recognizing theory of liability based on school official's alleged actions in adopting and maintaining practice, custom or policy of reckless indifference to known or suspected sexual abuse of students by teachers, concealing complaints of abuse, and discouraging students from complaining about such conduct).

2. Deliberate Indifference

Defendants note that Plaintiff "fails to allege a factual basis to show that Defendants acted with deliberate indifference towards the alleged abuse of Plaintiff." Defs.' Br. at 7 (Doc. 4). Plaintiff need not make such allegations. Defendants may be liable if they, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." See Stoneking, 882 F.2d at 725. Plaintiff has made sufficient allegations with respect to deliberate indifference. See Compl. 4-7 (Doc. 1).

5

3. Personal Involvement of Defendants Chelen and Marino

Defendants Chelen and Marino assert that the individual capacity claims against them must be dismissed because Plaintiff fails to allege any personal involvement of Defendants Chelen and Marino in the alleged wrongful conduct of Defendant Herre-Bagwell. Defs.' Br. 9-10 (Doc. 4). "Individual defendants who are policymakers may be liable under § 1983 if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original) (quoting Stoneking, 882 F.2d at 725).

Plaintiff alleges that both Defendants Chelen and Marino were "responsible for the administration and implementation of district policies." Compl. 2-3 (Doc. 1); see also id. at 6, 7. As explained above, Plaintiff also alleges that policies, practices, or customs of Defendant Monessen School District caused the alleged constitutional harm. Plaintiff, therefore, has alleged sufficient facts with respect to Defendants Chelen and Marino's potential individual liability as policymakers.

4. Failure to Train

A claim that a municipality's failure to train its employees resulted in constitutional harm is cognizable under § 1983 where the municipality's failure to train reflects deliberate indifference to constitutional rights. See City of Canton v. Harris, 489 U.S. 378, 392 (1989). Plaintiff alleges that Defendants Monessen School District and Chelen "failed to properly train and supervise" employees, "resulting in a violation of Plaintiff's right to privacy." Compl. 5-7 (Doc. 1). Plaintiff does not allege what type of training Defendants failed to provide. Plaintiff, consequently, has not alleged any facts to support a reasonable inference that Defendants failed to properly train its employees, that such failure caused Plaintiff's alleged constitutional injury,

6

or that such failure reflects deliberate indifference to constitutional rights. To the extent Plaintiff asserts § 1983 claims based on a failure to train theory, those claims are dismissed without prejudice.

**B. Title IX**

Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq., provides that: "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance . . . ." 20 U.S.C. § 1681(a). A school district may be liable in damages in an implied right of action under Title IX, for the sexual harassment of a student by one of the district's teachers. Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. 274, 281 (1998). Damages in such actions are available only if "an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the recipient's behalf has actual knowledge of discrimination in the recipient's programs and fails adequately to respond." Id. at 290.

Defendants assert that Plaintiff's Title IX claim should be dismissed because Plaintiff has not alleged that Defendants had any knowledge of Defendant Herre-Bagwell's alleged harassment and abuse of Plaintiff. Defs.' Br. at 12-13 (Doc. 4). Plaintiff instead alleges that, prior to Defendant Herre-Bagwell's alleged harassment and abuse of Plaintiff, Defendant Herre-Bagwell "engaged in similar acts and conduct directed toward other students," and that Defendants had notice of "inappropriate conduct" by Defendant Herre-Bagwell. Compl. 4 (Doc. 1). Such allegations are sufficient to survive a motion to dismiss with respect to the actual notice requirement of a Title IX claim. See Doe v. Sch. Bd. of Broward Cnty., Fla., 604 F.3d 1248, 1257 (11th Cir. 2010) ("[N]o circuit has interpreted Gebser's actual notice requirement so as to require notice of the prior harassment of the Title IX plaintiff *herself*."); Escue v. N. Okla. Coll.,

450 F.3d 1146, 1154 (10th Cir. 2006) ("Although Gebser makes clear that 'actual notice requires more than a simple report of inappropriate conduct by a teacher . . . the actual notice standard does not set the bar so high that a school district is not put on notice until it receives a clearly credible report of sexual abuse from the plaintiff-student.'" (alteration in original) (quoting Doe v. Sch. Admin. Dist. No. 19, 66 F. Supp. 2d 57, 62 (D. Me. 1999))); Baynard v. Malone, 268 F.3d 228, 238 n.9 (4th Cir. 2001) ("We note that a Title IX plaintiff is not required to demonstrate actual knowledge that a particular student was being abused. We believe that the actual notice requirement could have been satisfied, for example, if [the school principal] had had actual knowledge that [a teacher] was currently abusing one of his students, even without any indication of which student was being abused.").

C. **Pennsylvania Constitution**

Plaintiff seeks monetary damages. See Compl. 8-9 (Doc. 1). "[N]either statutory authority, nor appellate case law has authorized the award of monetary damages for a violation of the Pennsylvania Constitution." R.H.S. v. Allegheny Cnty. Dep't of Human Servs., 936 A.2d 1218, 1226 (Pa. Commw. Ct. 2007) (quoting Jones v. City of Phila., 890 A.2d 1188, 1208 (Pa. Commw. Ct. 2006)). Plaintiff's claims under the Pennsylvania Constitution, therefore, are dismissed.[4]

---

[4] Plaintiff did not respond to Defendants' arguments to dismiss Plaintiff's claims under the Pennsylvania Constitution. Plaintiff also requests a declaration that Defendants violated Plaintiff's rights under the Pennsylvania Constitution. Plaintiff only alleges violation of her constitutional rights in the past and, therefore, has not alleged a present case or controversy that would permit a declaratory judgment. See City of Los Angeles v. Lyons, 461 U.S. 95, 104-05 (1983); Martin v. Keitel, 205 F. App'x 925, 928 (3d Cir. 2006) (affirming dismissal of plaintiff's claim seeking declaration that defendants violated plaintiff's constitutional rights in the past, because plaintiff seeking declaratory judgment must allege facts showing substantial likelihood of future injury).

**CONCLUSION**

For all of the reasons stated above, Defendants Monessen School District, Chelen, and Marino's Motion to Dismiss (Doc. 3) is granted in part and denied in part.

## II. ORDER

For the reasons stated above, the Court hereby **ORDERS** that Defendants The School District of the City of Monessen, Dr. Cynthia Chelen, and Randall Marino's Motion to Dismiss (Doc. 3) is **GRANTED IN PART** and **DENIED IN PART**. Defendants' motion to dismiss Plaintiff's § 1983 claims for failure to train and Plaintiff's claims under the Pennsylvania Constitution is **GRANTED**. Defendants' motion is **DENIED** in all other respects.

Plaintiff's § 1983 claims for failure to train are **DISMISSED WITHOUT PREJUDICE**. Because Plaintiff cannot seek monetary damages for a violation of the Pennsylvania Constitution, amendment of Plaintiff's claims under the Pennsylvania Constitution would be futile, and those claims are **DISMISSED WITH PREJUDICE**. See Phillips, 515 F.3d at 228 ("[I]n the event a complaint fails to state a claim, unless amendment would be futile, the District Court must give a plaintiff the opportunity to amend her complaint." (citing Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000))).

If appropriate and consistent with Federal Rule of Civil Procedure 11, Plaintiff may file an amended complaint to amend her § 1983 claims for failure to train no later than April 27,

2012.[5]  If no amended complaint is received by that date, it will be assumed that Plaintiff acknowledges that she cannot state a § 1983 claim for failure to train and such claims will be deemed to have been dismissed with prejudice without further order of Court.

**IT IS SO ORDERED**.

                                                  s/ Cathy Bissoon
                                                  Cathy Bissoon
                                                  United States District Judge

April 17, 2012

cc (via e-mail):

All counsel of record.

---

[5] Should Plaintiff file an amended complaint, the Court suggests that Plaintiff correct the haphazard numbering of paragraphs and other issues with the Complaint identified in the Memorandum accompanying this Order.